*E-FILED - 8/18/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| L.C. HARMON, | ) | No. C 07-1576 RMW (PR) |
| Petitioner, | )<br>) | ORDER GRANTING RESPONDENT'S MOTION TO |
| vs. | )<br>) | DISMISS; DENYING PETITIONER'S REQUEST FOR |
| BEN CURRY, Warden, | )<br>) | JUDICIAL NOTICE; DIRECTING PETITIONER TO |
| Respondent. | )<br>) | FILE AMENDED PETITION OR REQUEST FOR STAY |
| | ) | (Docket Nos. 8, 9) |

Petitioner, a California state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Board of Prison Terms' ("Board") decision denying him parole. The court ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition for petitioner's failure to exhaust state remedies. Petitioner filed an opposition. Respondent filed a reply. Having reviewed the papers, the court GRANTS respondent's motion to dismiss. Petitioner has also filed a request for judicial notice which the court DENIES as unnecessary.

**BACKGROUND**

Petitioner was sentenced to fifteen years-to-life in state prison after his guilty plea to second degree murder in Los Angeles Superior Court. Petitioner challenges the Board's decision

denying him parole. Petitioner filed a state habeas petition in the superior court and court of appeal, and a petition for review in the state supreme court. All were denied. The instant petition was filed on March 20, 2007.

In the petition, petitioner raises the following claims, which this court found cognizable in its order to show cause: (1) the Board's denial of parole violated his plea agreement; and (2) the Board violated his right to equal protection under the California Constitution and the Fourteenth Amendment when it failed to consider setting his parole term and failed to fix a primary term.

## DISCUSSION

A.  Motion to Dismiss

Respondent moves to dismiss the petition on the ground it is unexhausted because petitioner did not fairly present his "equal protection" claim for review to the state courts. Petitioner maintains that the claim was exhausted because he presented it to the state's highest court.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. See id.; Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. See Rhines v. Webber, 544 U.S. 269, 273 (2005).

There is no dispute that petitioner presented both of his federal claims to the California

1  Supreme Court in his December 18, 2006, petition for review.  See Respondent's Motion to
2  Dismiss, Exhibit 1.  Respondent argues, however, that the petition for review did not fairly
3  present the equal protection claim to the California Supreme Court because petitioner did not
4  raise that claim in the habeas petition he filed in the appellate court.  See Respondent's Motion
5  to Dismiss, Exhibit 2.  Petitioner concedes that he raised the claim only in his petition for review,
6  but argues this constituted fair presentation.
7       As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting
8  the federal claim to the appropriate state courts in the manner required by the state courts,
9  thereby affording the state courts a meaningful opportunity to consider allegations of legal error.
10 Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004).  In Castille v. Peoples, 489 U.S. 346, 351
11 (1989), the United States Supreme Court held that a claim was not fairly presented where it was
12 raised for the first time on discretionary review to the state's highest court and denied without
13 comment.  In so holding, the Supreme Court stated, "[W]here the [federal] claim has been
14 presented for the first and only time in a procedural context in which its merits will not be
15 considered unless there are special and important reasons . . . [r]aising the claim in such a
16 fashion does not . . . constitute fair presentation."  Id.  The Ninth Circuit has interpreted Castille
17 to stand for the proposition that a petitioner does not fairly present a federal claim to the state
18 courts if he seeks review of the claim for the first time on discretionary appeal.  See Casey, 386
19 F.3d at 917-18.
20      A review of petitioner's state habeas petitions in California Superior Court, see
21 Petitioner's section 2254 petition, Exhibit A, and in California Court of Appeal, see Petitioner's
22 section 2254 petition, Exhibit B, reveals no equal protection claim similar to that raised in his
23 petition for review to the California Supreme Court, see Respondent's Motion to Dismiss,
24 Exhibit 1.  The language of Rule 8.500(c)(1) of the California Rules of Court makes clear that a
25 petition for review to the California Supreme Court is a discretionary appeal.  "As a policy
26 matter, on petition for review the Supreme Court normally will not consider an issue that the
27 petitioner failed to timely raise in the Court of Appeal."  Cal. Rules of Court, Rule 8.500(c)(1).
28

Order Granting Respondent's Motion to Dismiss; Denying Petitioner's Request for Judicial Notice; Directing
Petitioner to File Amended Petition or Request for Stay
P:\pro-se\sj.rmw\hc.07\Harmon576mtdexh         3

1  Here, petitioner raised his equal protection claim only in his petition for review to the California
2  Supreme Court, and that court denied the petition without comment.  Accordingly, under Casey,
3  this court finds that petitioner did not fairly present his equal protection claim for review to the
4  state courts.
5      Having concluded that petitioner did not exhaust his equal protection claim, the court will
6  GRANT respondent's motion to dismiss the petition as a "mixed" petition that contains both an
7  exhausted and unexhausted claim.  See Rhines, 544 U.S. at 273.  Before entering a judgment of
8  dismissal, however, the court must provide petitioner an opportunity to amend the mixed petition
9  by striking his unexhausted claim as an alternative to suffering dismissal.  Jefferson v. Budge,
10 419 F.3d 1013, 1016 (9th Cir. 2005) (citing Rhines, 544 U.S. at 277).  As a further alternative,
11 the court may stay the mixed petition while petitioner returns to state court to exhaust his
12 unexhausted claim.  See Rhines, 544 U.S. at 277.  Accordingly, petitioner may choose either to
13 amend his petition and proceed only with his exhausted claim, or request a stay of the petition
14 while he exhausts his unexhausted claim in state court.  A stay will not be granted, however,
15 unless petitioner can show there was good cause for his failure to exhaust his equal protection
16 claim in state court.[1]  See id.  The court will address the merits of the claim following
17 petitioner's election below, and resolution of the exhaustion issue.

18 B.    Motion for Judicial Notice
19     Petitioner filed a motion for judicial notice and attached exhibits to his motion.  The court
20 will review the attached exhibits and consider all relevant portions along with the merits of the
21 petition after the briefing is complete.  Accordingly, petitioner's motion for judicial notice
22 (docket no. 8) is DENIED as unnecessary.

23                                    **CONCLUSION**
24     For the reasons stated above, the Court hereby orders as follows:
25     1.  Respondent's motion to dismiss (docket no. 9) is GRANTED.

---

[1] The court has already found potential for merit in the claim in its September 10, 2007, order to show cause.

1    2. Petitioner's motion for judicial notice (docket no. 8) is DENIED as unnecessary.

2    3. No later than **thirty (30) days** from the date of this order, petitioner shall either:
(1) file an amended petition that includes only his exhausted claim and strikes the unexhausted claim, or (2) file a request for a stay of this matter while he exhausts his unexhausted claim in state court.

3. If petitioner chooses to file an amended petition, he must include the caption and civil case number used in this order, No. C-07-1576 RMW (PR), as well as the words FIRST AMENDED PETITION on the first page; petitioner shall not incorporate material from the original petition by reference.

4. If petitioner fails to file either an amended petition or a request for a stay as ordered herein, the petition will be dismissed without prejudice to petitioner's later filing a new petition that contains only exhausted claims.

This order terminates Docket Nos. 8 and 9.

IT IS SO ORDERED.

DATED:  8/15/08

_Ronald M. Whyte_
RONALD M. WHYTE
United States District Judge

Order Granting Respondent's Motion to Dismiss; Denying Petitioner's Request for Judicial Notice; Directing Petitioner to File Amended Petition or Request for Stay
P:\pro-se\sj.rmw\hc.07\Harmon576mtdexh         5