***E-FILED - 1/23/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C. HARMON, | No. C 07-1576 RMW (PR) |
| Petitioner, | ORDER TO SHOW CAUSE |
| vs. | |
| BEN CURRY, Warden, | |
| Respondent. | |

Petitioner, a California state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Board of Prison Terms' ("Board") decision denying him parole. Respondent filed a motion to dismiss the petition as containing an unexhausted claim. On November 20, 2008, the court directed petitioner to file an amended petition containing only exhausted claims. On December 30, 2008, petitioner filed his first amended petition. The court orders respondent to show cause why the petition should not be granted.

## BACKGROUND

Petitioner was sentenced to fifteen years-to-life in state prison after his guilty plea to second degree murder in Los Angeles Superior Court. Petitioner challenges the Board's decision

1 denying him parole. Petitioner filed a state habeas petition in the superior court and court of
2 appeal, and a petition for review in the state supreme court. All were denied. The original
3 petition was filed on March 20, 2007. The amended petition was filed on December 30, 2008.

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B. <u>Petitioner's Claims</u>

As grounds for federal habeas relief, petitioner claims that: (1) the Board's denial of parole violated his plea agreement; (2) the Board's denial of parole is not based on any evidence; and (3) the Board's finding of unsuitability for parole based solely on its continued reliance on his commitment offense violates his procedural and substantive due process. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

**CONCLUSION**

For the reasons stated above, the Court hereby orders as follows:

1. The clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the

Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.07\Harmon576oscparole.wpd    2

underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

3.   Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **ninety days** of the date this order is filed.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within **fifteen days** of the date the opposition is filed.

4.   It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  1/22/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.07\Harmon576oscparole.wpd    3