*E-FILED - 6/3/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C. HARMON,<br><br>    Petitioner,<br><br> vs.<br><br>BEN CURRY, Warden,<br><br>    Respondent. | No. C 07-1576 RMW (PR)<br><br>ORDER OVERRULING RESPONDENT'S OBJECTION; GRANTING EXTENSION OF TIME; AND DENYING PETITIONER'S MOTION TO DISMISS<br><br>(Docket Nos. 18, 19, 21) |

Petitioner, a California state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss the petition as containing an unexhausted claim. On November 20, 2008, the court directed petitioner to file within thirty days of the court's order an amended petition containing only exhausted claims. On December 30, 2008, petitioner filed his first amended petition. On January 23, 2009, the court ordered respondent to show cause why the petition should not be granted. Instead, petitioner filed an objection to the petition as untimely and asked the court to reconsider its order to show cause.

In its objection, respondent contends that the action should be dismissed because petitioner failed to comply with this court's November 20, 2008 order by filing the amended petition seven days later than the order required. Petitioner was ordered to file the amended petition on or before December 20, 2008. The amended petition was

received by the court on December 30, 2008.  Under the mailbox rule, a pro se prisoner's filing is deemed timely if it is deposited in the institution's internal mailing system on or before the last day of filing.  *Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison authorities for mailing), *vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002).  Respondent claims that there is evidence that petitioner has not delivered his amended petition to prison authorities until December 27, 2008.  Specifically, respondent points out that the date at the end of the petition appears to have been corrected from "12.27.08 " to "12.20.08."  In addition, there is a date of "12/27/08" written on the back of the envelope attached to the amended petition.  Finally, the amended petition was not received by the court until December 30.

      The court finds that the evidence with respect to the date is inconclusive.  Given that the amended petition was mailed during the holiday season, it could have been delivered to prison authorities on December 20 and not reach the court until December 30.  Even if the petition was not mailed until December 27, a seven-day delay over the holiday season does not justify such a drastic remedy as dismissal of the action.  In determining whether to dismiss an action for failure to comply with a court order, the court must consider the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  "Limited delays and the prejudice to [respondent] from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by unreasonable delays."  *Id*. (citations omitted).  In the instant case, the delay is neither unreasonable nor prejudicial.  Respondent does not argue to the contrary.  In light of the public policy favoring disposition of cases on their merits, the court finds that petitioner's conduct does not warrant dismissal for failure to comply with the court order.  Accordingly, the court OVERRULES respondent's objection and

Order Overruling Respondent's Objection; Granting Extension of Time; and Denying Petitioner's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.07\Harmon576objection.wpd     2

1  DECLINES to reconsider its order to show cause.

2  On May 4, 2009, petitioner, in turn, filed a "motion to dismiss respondents [sic] for
3  failure to defend upon first amended petition."  Petitioner moves to dismiss on the ground
4  that respondent failed to respond to the amended petition within 90 days as provided by
5  the court's order to show cause.  Respondent opposes petitioner's motion on the ground
6  that he believed he did not need to file a response while his objection and request to
7  reconsider the court's order to show cause were pending.  Respondent also requests 30
8  days from the date the court rules on respondent's objection to respond to the amended
9  petition.  Good cause appearing, the court GRANTS respondent's request for an
10 extension of time and DENIES petitioner's motion to dismiss.

## CONCLUSION

12 For the reasons stated above, the court hereby orders as follows:

13 1. Respondent's objection (docket no. 18) is OVERRULED.  The court
14 declines to reconsider its order to show cause.

15 2. Petitioner's motion to dismiss (docket no. 19) is DENIED.

16 3. Respondent's request for an extension of time (docket no. 21) is
17 GRANTED. Respondent shall file with the court and serve on petitioner, within **thirty**
18 **days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the
19 Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should
20 not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all
21 portions of the underlying state criminal record that have been transcribed previously and
22 that are relevant to a determination of the issues presented by the petition.

23 If petitioner wishes to respond to the answer, he shall do so by filing a traverse
24 with the court and serving it on respondent within **thirty days** of the date the answer is
25 filed.

26 4. Respondent may file a motion to dismiss on procedural grounds in lieu of
27 an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
28 Governing Section 2254 Cases within **thirty days** of the date this order is filed.  If

1  respondent files such a motion, petitioner shall file with the court and serve on respondent
2  an opposition or statement of non-opposition within **thirty days** of the date the motion is
3  filed, and respondent shall file with the court and serve on petitioner a reply within **fifteen**
4  **days** of the date the opposition is filed.

5       This order terminates docket numbers 18, 19, and 21.

6       IT IS SO ORDERED.

7  DATED:  6/3/09

                                                      RONALD M. WHYTE
8                                                       United States District Judge