*E-FILED - 12/8/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| L.C. HARMON, | ) | No. C 07-1576 RMW (PR) |
| Petitioner, | ) ) | ORDER DENYING RESPONDENT'S MOTION TO DISMISS; FURTHER SCHEDULING |
| vs. | ) ) ) | |
| BEN CURRY, Warden, | ) ) | |
| Respondent. | ) ) | (Docket No. 25) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 18, 2008, the court granted respondent's motion to dismiss this action as the petition was "mixed;" that is, it contained both exhausted and unexhausted claims. Specifically, the court concluded that only one claim was exhausted. Thereafter, the court ordered petitioner to either (1) file an amended petition that included only his exhausted claim and strike the unexhausted claims, or (2) file a request for a stay of this matter while he exhausted his unexhausted claims in state court. Petitioner was advised that if he filed a request for a stay, no stay would be granted without a sufficient showing of "good cause" as to why he was unable to exhaust earlier.

On September 4, 2008, petitioner filed a motion for a stay. On November 20, 2008, the court denied a stay because petitioner failed to demonstrate good cause for his failure to exhaust earlier. The court ordered petitioner to file an amended petition containing only exhausted claims. On December 30, 2008, petitioner filed an amended petition. On January 23, 2009, the

1  court reviewed petitioner's amended petition and found that he stated three cognizable claims.
2  The court issued an order to respondent to show cause why petitioner should not be granted
3  habeas relief.
4     On July 6, 2009, respondent again filed a motion to dismiss for failure to exhaust. On
5  July 23, 2009, petitioner filed an opposition. On August 6, 2009, respondent filed a reply. Upon
6  consideration of all the papers, for the reasons stated below, the court DENIES respondent's
7  motion and issues a further scheduling order.

## BACKGROUND

9     Petitioner was sentenced to fifteen years-to-life in state prison after his guilty plea to
10 second degree murder in Los Angeles Superior Court. Petitioner challenges the Board's 2005
11 decision denying him parole. Petitioner filed a state habeas petition in the superior court and
12 court of appeal, and a petition for review in the state supreme court. All were denied. The
13 instant petition was filed on March 20, 2007. Petitioner's amended petition was filed December
14 30, 2008.
15    In the court's order to show cause, the court found that petitioner raised the following
16 cognizable claims in his amended petition: (1) the Board's denial of parole violated his plea
17 agreement; (2) the Board's denial of parole is not based on any evidence; and (3) the Board's
18 finding of unsuitability for parole based solely on its continued reliance on his commitment
19 offense violates his procedural and substantive due process.

## DISCUSSION

21    Respondent moves to dismiss the amended petition on the ground it is a mixed petition,
22 and therefore, unexhausted. Respondent claims that the amended petition sets forth nine claims
23 rather than the three specified by the court. Petitioner maintains that all nine claims were
24 exhausted because he presented it to the state's highest court.
25    Prisoners in state custody who wish to challenge collaterally in federal habeas
26 proceedings either the fact or length of their confinement are first required to exhaust state
27 judicial remedies, either on direct appeal or through collateral proceedings, by presenting the
28 highest state court available with a fair opportunity to rule on the merits of each and every claim

they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. See id.; Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. See Rhines v. Webber, 544 U.S. 269, 273 (2005).

For purposes of exhaustion, pro se petitions in state court may, and sometimes should, be read differently from counseled petitions. Peterson, 319 F.3d at 1159. "When a document has been written by counsel, a court should be able to attach ordinary legal significance to the words used in that document." Id. at 1158. When it has been written by a pro se prisoner, a court may need to be more flexible. See, e.g., Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003) (petitioner's pro se status in state court was a factor in favor of finding exhaustion where prisoner claimed ineffective assistance of counsel but failed to cite federal constitution or federal case law in support of his claim). Neither confused arguments nor poor lawyering will necessarily defeat a petitioner's otherwise-adequate efforts to assert a federal claim in state court. Sandgathe v. Maass, 314 F.3d 371, 378 (9th Cir. 2002) (holding that citation of inapposite federal cases did not change the fact that the petitioner raised the pertinent argument on appeal; argument was deemed "fairly presented" because state courts expressly addressed federal claim, directly or by implied adoption of lower court ruling, even though the petitioner did not expressly assert federal grounds for the claim).

Here, in its initial screening review, the court liberally construed petitioner's amended petition and concluded that it generally stated three cognizable claims for relief. In petitioner's amended petition, he raises a claim that the denial of parole violated his plea agreement.[1] Petitioner further alleges that he has a liberty interest in parole. Specifically, he claims that the

---

[1] Respondent concedes that this claim has been exhausted.

Board violated his due process rights by adopting an unspoken policy of "no parole" to term-to-life and life prisoners. Petitioner generally alleges that there was no evidence to support the Board's finding that petitioner should not be released on parole. Petitioner further states that the evidence before the Board did not indicate that he is currently dangerous. In addition, petitioner claims that there was no new evidence to support a finding that petitioner is still dangerous and the Board's continued reliance of his commitment offense, which was not carried out in a heinous or callous manner personally by petitioner, violates due process.

The Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record," or is "otherwise arbitrary." Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1129 (9th Cir. 2006). Accordingly, if the board's determination of parole suitability is to satisfy due process, there must be some evidence, with some indicia of reliability, to support the decision. Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005). A relevant factor in determining whether the evidence underlying the board's decision has some indicia of reliability is whether the prisoner was afforded an opportunity to appear before, and present evidence to, the board. See Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir. 1987). "The Parole Board's decision is one of 'equity' and requires a careful balancing and assessment of the factors considered. . . . A continued reliance in the future on an unchanging factor . . . runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." Biggs v. Terhune, 334 F.3d 910, 916-17 (9th Cir. 2003).

The court has re-reviewed petitioner's state habeas petition in the California Court of Appeal and petition for review in the California Supreme Court. Although the court agrees with respondent that petitioner's state habeas petitions and federal amended petition are difficult to understand at times, the court concludes that petitioner raised and properly exhausted the following: (1) violation of his plea agreement (Opp. Att. at 2-3, 9; Mtn. Ex. 1 at 3-5); (2) Board is relying on a "no parole" policy (Opp. Att. at 6-7; Mtn. Ex. 1 at 8, 23); (3) petitioner has a liberty interest in parole (Opp. Att. at 7-9; Mtn. Ex. 1 at 9, 16, 19); (4) petitioner is being denied procedural due process (same); (5) the Board continues to improperly rely on the same factors to

1  deny parole, i.e., his offense of conviction (Opp. Att. at 15-16; Mtn. Ex. 1 at 24-25); (6)
2  petitioner is not unreasonably dangerous (same); and (7) there is no evidence that petitioner is
3  currently dangerous (same).  Accordingly, respondent's motion to dismiss is DENIED.
4        With the exception of the violation of plea agreement claim, the court concludes that the
5  remainder of petitioner's claims can be subsumed into one: whether the Board's decision
6  denying parole was violated his right to procedural due process.  Cf. Zichko v. Idaho, 247 F.3d
7  1015, 1020 (9th Cir. 2001) (noting that federal courts have a duty to construe pro se pleadings
8  liberally).  Therefore, the court finds that the following two claims are sufficient to require a
9  response and orders respondent to file an answer to the following: (1) did the Board's denial of
10 parole violate petitioner's plea agreement, and (2) did the Board's decision denying parole
11 violate petitioner's procedural due process?[2]

## CONCLUSION

13 Respondent's motion to dismiss is DENIED.  Respondent shall file with the court and
14 serve on petitioner, within **sixty days** of the issuance of this order, an answer conforming in all
15 respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
16 habeas corpus should not be granted.  Respondent shall file with the answer and serve on
17 petitioner a copy of all portions of the state trial record that have been transcribed previously and
18 that are relevant to a determination of the issues presented by the petition.  If petitioner wishes to
19 respond to the answer, he shall do so by filing a traverse with the court and serving it on
20 respondent within **thirty days** of his receipt of the answer.
21       This order terminates docket no. 25.
22       IT IS SO ORDERED.
23 Dated: 12/7/09

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[2] If petitioner intended to bring other claims before this court that are not mentioned in this order, he may opt to voluntarily dismiss this action with an eye to exhaustion and then file a habeas petition in the future, provided that he is mindful of the likelihood that such a future petition would be barred as untimely.